United States District Court
Southern District of Texas
**ENTERED**
February 02, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| DANIEL DAVID GOMEZ, § | |
| Petitioner § | |
| § | |
| v. § | Civil Action No. 1:22-cv-149 |
| § | |
| WILLACY COUNTY JAIL, ET AL., § | |
| Defendants § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court is in receipt of Daniel David Gomez's "Prisoner Civil Rights Complaint" (hereinafter, Gomez's "Complaint") and "Application to Proceed in District Court without Prepaying Fees or Costs" (hereinafter, Gomez's "Application"). Dkt. Nos. 1, 10. For the reasons provided below, it is recommended that the Court: (1) **DENY** Gomez's Application; (2) **DISMISS WITHOUT PREJUDICE** Gomez's Complaint; and (3) **DIRECT** the Clerk of Court to close this case.

## I. Jurisdiction

This Court has federal question subject matter jurisdiction because Gomez has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## II.     Background and Procedural History

Gomez filed his Complaint under 42 U.S.C. § 1983 on October 25, 2022.  Dkt. No. 1.  The Court ordered Gomez to either pay the filing fee required to initiate this civil action or file a properly supported application to proceed without prepaying the filing fee.  Dkt. No. 7.  The Court notified Gomez that failure to comply with the Court's Order would result in dismissal of his Complaint under Federal Rule of Civil Procedure 41(b).[1]  *Id.*

Gomez filed his Application on December 5, 2022.  Dkt. No. 10.  The Court notified Gomez that his Application was incomplete because he had not included a certified copy of his inmate trust fund account statement or institutional equivalent as ordered by the Court (Dkt. No. 7) and required by 28 U.S.C. § 1915(a)(2).  Dkt. No. 11.  The Court further ordered Gomez to supplement his Application with the required document by January 13, 2023.  *Id*.  To date, Gomez has neither complied with the Court's Orders nor paid the applicable filing fee.

## III.     Discussion

The Prison Litigation Reform Act requires a "prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefore, in addition to filing the affidavit under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was

---

[1] The Court also notified Gomez that "**the dismissal may count as a strike for purposes of 28 U.S.C. § 1915(g)**." (emphasis in original)

confined." *See* 28 U.S.C. § 1915(a)(2).  Gomez cannot circumvent the plain language of § 1915(a)(2); his Application, then, should be denied.

The continued deficiency in Gomez's Application and his failure to adhere to the Court's Orders warrant dismissal without prejudice.  *See Servin-Medina v. United States Border Patrol*, No. 7:19-MC-00931, 2020 U.S. Dist. LEXIS 255816, *3 (S.D. Tex., Jan. 2, 2020) (citing *McGee v. Enns*, 146 F.3d 867 (5th Cir. 1998)) (unpublished) (affirming district court's dismissal without prejudice under Rule 41 for failure to file certified copies of trust account). Gomez's failure to prosecute further provides an adequate basis for dismissal of this civil action.  Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031-32 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

### IV.    Recommendation

It is recommended that the Court: (1) **DENY** Gomez's Application; (2) **DISMISS WITHOUT PREJUDICE** Gomez's Complaint; and (3) **DIRECT** the Clerk of Court to close this case.

### V.    Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), superseded by statute on other grounds; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **2nd** day of **February, 2023**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge